# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**,

        Plaintiff,

        v.        Case No. 05-CR-88

**ISRAEL SAUL MORENO,**

        Defendant.

## RECOMMENDATION TO THE HONORABLE WILLIAM C. GRIESBACH ON THE DEFENDANT'S MOTION TO DISMISS

On March 22, 2005, the grand jury returned a three-count indictment against the defendant, Israel Saul Moreno ("Moreno"). All counts relate to the defendants' alleged discharge of a firearm toward Albert Waupoose and Norris House, within the boundaries of the Menominee Indian Reservation.

Moreno filed a motion to dismiss count three of the indictment, claiming that the count fails to state a valid offense. The pleadings on Moreno's are closed and it is now ready for resolution. A jury trial is scheduled to commence before the Honorable William C. Griesbach on June 20, 2005, with a final pretrial conference set for May 26, 2005.

## MOTION TO DISMISS

Moreno filed a motion to dismiss count three of the indictment, claiming that the count sets forth a penalty enhancer rather than a substantive offense and that the count impermissibly exceeds the penalty available under state law. Count three reads as follows:

> On or about February 24, 2005, in the State and Eastern District of Wisconsin,
> **ISRAEL SAUL MORENO**,
> the defendant herein, knowingly used and discharged a firearm during and in relation to his commission of the crimes of violence alleged in Counts One and Two.
> All in violation of Title 18, United States Code, Section 924(c).

In determining whether an indictment is sufficient, the court considers whether it (1) states each element of the alleged offense; (2) provides the defendant with information adequate for the preparation of his defense; and (3) provides a sufficient basis for a judgment that would bar any subsequent prosecution for the same offense. United States v. Hausmann, 345 F.3d 952, 955 (7th Cir. 2003)(citing FED. R. CR. P. 7)). The test for validity of an indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards. Id. (citing United States v. Allender, 62 F.3d 909, 914 (7th Cir.1995)). In analyzing the sufficiency of an indictment, the court reads the indictment in its entirety. United States v. Hoag, 823 F.2d 1123, 1126 (7th Cir. 1987)) and refrains from reading a count in a hypertechnical manner. United States v. McNeese, 901 F.2d 585, 602 (7th Cir. 1990).

Moreno challenges the first requirement for sufficiency of an indictment. In support of his claim that the indictment does not charge a valid offense, Moreno submits the following:

(1) that authority to charge Moreno based on § 924(c) is derived from 18 U.S.C. § 13, commonly known as the Assimilation Crimes Act;

(2) that § 13 limits punishment under § 924(c) to that which would be authorized under an analogous Wisconsin law; and

(3) that 924(c) is a penalty enhancer and not a substantive offense, leaving no punishment under Wisconsin law.

In response to the defendant's challenge, the government cites United States v. Harris, 536 U.S. 545, 552 (2002) and Castillo v. United States, 530 U.S. 120, 125 (2000). (Gov. Resp. 4.). Both cases hold that § 924(c) sets forth an independent substantive offense, with certain subparagraphs listing contextual specific sentencing factors. These cases are significant for two reasons. First, the rulings in these cases leave no basis for Moreno's claim that § 924(c) is a sentence enhancer, with no analogous offense in Wisconsin law. Second, the fact that § 924(c) is an independent federal offense means that it need not be linked to § 13. Section 13 is an enclave law, applicable to the Menominee Indian Reservation based on 18 U.S.C. § 1152, that is used to charge a state law offense when the offense is committed on a federal enclave. When § 13 is used, it follows that the accused may only be exposed to the maximum penalty that is authorized under the assimilated state law. That is simply not the case here. Accordingly, and for all of the reasons discussed, the court will recommend that Moreno's motion be denied.

**IT IS THEREFORE RECOMMENDED** that Moreno's motion to dismiss count three of the indictment be **denied.**

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed

within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this <u>4th</u> day of May, 2005.

<u>s/AARON E. GOODSTEIN</u>
United States Magistrate Judge
