UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 05-CR-88

ISRAEL SAUL MORENO,

    Defendant.

**ORDER DENYING MOTION TO DISMISS**

    This case is before the court once again on a motion to dismiss, this one asserted by letter in response to the court's invitation at the final pretrial conference and directed at Count Three of the Superseding Indictment. Count Three charges that the defendant "knowingly used and discharged a firearm during and in relation to his commission of crimes of violence alleged in Counts One and Two" in violation of 18 U.S.C. § 924(c). Count One charges the defendant with "discharging a firearm from a vehicle on a vehicle parking lot open to the public" within the boundaries of the Menominee Indian Reservation in violation of Wis. Stat. § 941.20(3)(a), which is assimilated into federal law under the Assimilated Crimes Act (ACA), 18 U.S.C. § 13. Count Two charges the defendant with recklessly endangering the safety of Native American Indians Albert Waupoose and Norris House in violation of Wis. Stat. 941.30(2), which is likewise assimilated under the ACA.

    Although each of these charges has been the subject of earlier motions to dismiss, counsel for Moreno alerted the court at the final pretrial conference that he intended to challenge the

government's contention that Count One could serve as a predicate offense for a violation of 18 U.S.C. § 924(c), since the essential elements of the State charge of Endangering Safety by Use of a Dangerous Weapon, as charged in Count One, included using and discharging a firearm as an element. To allow both charges, counsel argued, would violate the defendant's right against double jeopardy. The question also arose at the pretrial whether the crime charged in Count Two constituted a crime of violence such that it could serve as a predicate offense for Count Three. The court invited counsel to submit by letter any authority they thought supported their respective positions on the issue so that the issue could be properly addressed before or at trial. Counsel have done so, and the defendant now renews his earlier motion to dismiss Count Three. Counsel have also advised the court that its determination of this issue may provide a basis upon which to resolve the case. I therefore proceed to consideration of the issues the parties have raised.

**A. Count One**

As to the first issue, I conclude that Count One can serve as a predicate offense for Count Three. On the surface, there is a strong appeal to defendant's argument that a violation of Wis. Stat. § 941.20(3)(a) cannot serve as a predicate offense for a § 924(c) violation. One commits a violation of Wis. Stat. § 941.20(3)(a) by discharging a firearm at or toward another from a vehicle on a highway or public parking lot. The conduct prohibited by § 924(c), on the other hand is using or discharging a firearm "during and in relation to any crime of violence." If Count One is to serve as the predicate offense for Count Three, then the crime the defendant is accused of committing in Count Three is discharging a firearm during and in relation to the crime of discharging a firearm from a vehicle at another. The conduct charged in Count Three is included in Count One; it is impossible

2

to commit Count One without committing Count Three. Thus, it appears that the government is attempting to punish defendant twice for the same conduct.

Based on the current state of the law, however, the government can punish a person twice for the same conduct without running afoul of the Double Jeopardy Clause of the Fifth Amendment. As the Seventh Circuit noted in *United States v. Seawood*, 172 F.3d 986, 989 (7th Cir. 1999), "Congress can provide multiple punishments for the same act without offending the Double Jeopardy Clause." The question that arises in cases in which the government charges a defendant with two separate crimes for the same conduct is whether Congress intended to allow separate punishments. In Seawood, the court rejected a similar challenge to a defendant's conviction for violating § 924(c) and the federal carjacking statute, which at the time included possession of a firearm as one of its elements. See 18 U.S.C. § 2119 (1994). In rejecting the defendant's claim that his conviction for both offenses based on the same conduct violated the constitutional protection against double jeopardy, the Court observed that "the circuits have uniformly pooh-poohed" such challenges and implicitly held that Congress intended to allow multiple punishments for both the underlying offense and the § 924(c) violation, even if the underlying offense includes as an element the possession or use of a firearm. 172 F.3d at 189. See also *United States v. Harris*, 832 F.2d 88, 90-91 (7th Cir. 1987). Given this finding as to Congressional intent, I conclude that Count One could serve as a predicate offense for a violation of § 924(c) and that the defendant could be convicted of both Counts One and Three.

**B. Count Two.**

Turning to the second issue raised at the pretrial conference, Title 18 defines a "crime of violence" as "an offense that is a felony and--

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 924(c)(3).

Second Degree Recklessly Endangering Safety, on the other hand, the crime charged in Count Two, is committed by one who "recklessly endangers another's safety." Wis. Stat. § 941.30(2) (2003-04). "Criminal recklessness," under Wisconsin law, "means that the actor creates an unreasonable and substantial risk of death or great bodily harm to another human being and the actor is aware of that risk." Wis. Stat. § 939.24(1).

In *Bazan-Reyes v. I.N.S.*, 256 F.3d 600 (7th Cir. 2001), the Seventh Circuit held that the crime of drunk driving was not a crime of violence, as that term is defined in 18 U.S.C. § 16, which is almost identical to 18 U.S.C. § 924(c)(3). The court held that a crime of violence, as defined in that section, requires either the specific intent to use force against the person or property of another, or that the nature of the offense is such that there is a substantial likelihood that the perpetrator will intentionally employ physical force against the person or property of another. 256 F.3d at 608, 611. In construing the second prong of the "crime of violence" definition in 18 U.S.C. § 16, *Bazan-Reyes* cited cases from the Third and Fifth Circuits. As an example of how a crime could fall within the second prong of the definition, the court quoted the following passage from the Third Circuit's

4

decision in United States v. Parson:

> As to the second prong of [§ 16], a defendant's commission of a crime that, by its nature, is likely to require force similarly suggests a willingness to risk having to commit a crime of specific intent. For example, a burglar of a dwelling risks having to use force if the occupants are home and hear the burglar. In such a case, the burglar has a mens rea legally nearly as bad as a specific intent to use force, for he or she recklessly risks having to commit a specific intent crime.

*Bazan-Reyes,* 256 F.3d at 610-11 (quoting *Parson*, 955 F.2d 858, 866 (3d Cir.1992)). See also *United States v. Chapa-Garza,* 243 F.3d 921 (5th Cir.2001).

*Bazan-Reyes* explicitly adopted the rationale of the Third and Fifth Circuits in its construction of the second prong of the definition of a "crime of violence," as used in 18 U.S.C. § 16 and, by extension, 18 U.S.C. § 924(c)(3). Since drunk driving entailed neither the specific intent to use force, nor a substantial likelihood that the perpetrator would intentionally employ force against the person or property of another, the court concluded it did not qualify as a crime of violence. Defendant urges the same conclusion here.

I agree with defendant *Bazan-Reyes* controls this issue and conclude that a violation of Wis. Stat. § 941.30(2) is not a crime of violence within the meaning of § 924(c)(3). The crime of Second Degree Recklessly Endangering Safety does not have as an element the use, attempted use or threatened use of physical force against the person or property of another. The only elements of the crime are (1) criminally reckless conduct on the part of the defendant, that results in (2) endangering the safety of another person. WIS JI-Criminal 1347. Neither entails the specific intent to use physical force against another, which the Seventh Circuit held in *Bazan-Reyes* is needed under 18 U.S.C. § 16's equivalent to § 924(c)(3)(A). See also *United States v. Rutherford*, 54 F.3d 370,

5

372-73 (7th Cir.1995). Nor can it be said that by its nature Second Degree Recklessly Endangering Safety involves a substantial risk that the perpetrator would "intentionally employ force against another's person or property in the commission thereof," as *Bazan-Reyes* requires in order to satisfy the second prong of the definition. Nothing in the definition of the crime of Second Degree Reckless Endangering Safety suggests that in committing that crime, a person would be substantially likely to intentionally use physical force against the person or property of another. See *Jobsen v. Ashcroft*, 326 F.3d 367 (2d Cir. 2003) (crime of second degree manslaughter under New York law held not a crime of violence with the meaning of 18 U.S.C. § 16).

Accordingly, Count Two cannot serve as a predicate offense to Count Three. But because Count One can serve such a role, Count Three remains viable, and the defendant's motion to dismiss must be denied.

**So Ordered**.

Dated this 30th day of August, 2005

      /s William C. Griesbach
      William C. Griesbach
      United States District Judge